A. N. TAYLOR'S ADMR. *v.* TOWN OF PAWLET.

May Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed October 1, 1929.

*Lawrence & Stafford,* and *J. B. McCormick* (Granville, N. Y.), for the defendant.

*Phelps & Pratt* for the plaintiff.

POWERS, J. Arthur N. Taylor, a farmer residing in the town of Pawlet, went to Granville, N. Y., and there hired Eliza Campbell, a pauper then being supported by the town last named, to work for him. He brought her to his farm in Pawlet. This was in May, 1916. Mrs. Campbell remained there working for Taylor for about a year and a half. She was then found to be insane, and was committed to an asylum. In December, 1916, and while she was working for Taylor on the farm, they went together to Troy, N. Y., where her minor son was being cared for as a pauper, and took the boy back with them to Pawlet, where he was cared for by Taylor until Mrs. Campbell was sent away as above stated. Taylor knew all about the financial condition of Mrs. Campbell and her son at the times when he brought them into Vermont, and he agreed with the authorities of the institution at Troy that he would take care of

the boy. Having given the notice required by the statute, Taylor brought this suit to recover for the care and support of the Campbells from the date of the notice until they were taken away from his place by the town. The trial below was in Rutland city court, where upon facts found by the court, judgment was rendered for the plaintiff. The defendant excepted.

The defendant relied upon G. L. 4247, insisting that inasmuch as Taylor brought the paupers into this State, he could recover nothing for their support. The statute will not avail the defendant. It only affects persons who bring in paupers with intent to charge a Vermont town with their support. This intent lies at the very foundation of the statute. Without it, the statute has no application. *Dover* v. *Wheeler*, 51 Vt. 160, 169. The burden was on the defendant to establish this intent in order to make out its defense. This it failed to do. The court failed to find this intent, so the attempted defense fails. *Barnet* v. *Whitcher*, 50 Vt. 170, 177. But the defendant insists that this intent is a necessary inference from the facts reported. We cannot agree to this. There is nothing in the record to show that at the times when he brought the Campbells into Vermont, Taylor had a design to make Pawlet chargeable with their support. His good faith and honesty of purpose are wholly unimpeached. That such a result might possibly follow his acts was not enough to bring him within the range of the statute.

There was nothing in the agreement made with the Troy institution regarding the support of the Campbell boy that affects Taylor's rights against the defendant. The latter has no legal interest in that contract, and can assert no rights under it. *Milton* v. *Story*, 11 Vt. 101, 34 A. D. 671. We find sufficient evidence in the transcript to sustain the findings on the subject of damages, and nothing to affect the other conclusions reached by the court below.

*Affirmed.*